UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 09-2093 AG (ANx) | Date | October 24, 2011 |
|---|---|---|---|
| Title | IN RE DIRECTV EARLY CANCELLATION FEE MARKETING AND SALES PRACTICES LITIGATION | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS

On September 6, 2011, this Court granted in part and denied in part Defendant DirecTV Inc.'s motion to compel arbitration ("Motion to Compel"). The Court granted arbitration of the damages claims, but denied arbitration of the injunctive claims. As part of the Motion to Compel, DirecTV had asked that any claims still subject to litigation be stayed pending arbitration ("Motion to Stay"). The Court asked for supplemental briefing on DirecTV's Motion to Stay.

The parties have now submitted supplemental briefing on whether the injunctive claims should be stayed or dismissed pending arbitration.

The general rule is that "[the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the [arbitration] agreement." 9 U.S.C. § 3. Other courts, which have found claims similar to the ones at issue here non-arbitrable, have stayed those claims pending arbitration. *See, e.g., Coast Plaza Doctors Hosp. v. Blue Cross of Cal.*., 83 Cal. App. 4th 677, 693 (2000) (finding that "[i]n the absence of a stay, the continuation of the proceedings in the trial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MDL 09-2093 AG (ANx) | Date | October 24, 2011 |
|---|---|---|---|
| Title | IN RE DIRECTV EARLY CANCELLATION FEE MARKETING AND SALES PRACTICES LITIGATION | | |

court disrupts the arbitration proceedings and can render them ineffective.") (citing *Federal Ins. Co. v. Superior Court*, 60 Cal. App. 4th 1370, 1375 (1998) (internal quotation marks omitted); *see also Gray v. Conseco*, Inc., No. SA CV 00–322DOC, 2000 WL 1480273, at *8 (C.D. Cal. 2000).  In *Cruz v. PacifiCare Health Systems, Inc.*, 30 Cal. 4th 303 (2003), the California Supreme Court voiced its support for a stay under the exact circumstances of this case.  *Id.* at 320.

After considering all of the papers, the Court finds that it is proper to stay the injunctive claims pending arbitration.  Plaintiffs argue that this stay should not apply to the claims of the named plaintiffs Jack and Alice Brode because they are "unaffected by the arbitrability issues." (Opp. 1:7-10.)  But the claims of the Bodes, like the other DirecTV customers, are bound by the arbitration agreement at issue in this case.  Thus, their injunctive claims must also be stayed pending that arbitration.

DirecTV further argues that the injunctive claims should also be stayed pending resolution of its appeal.  Although the appeal should conclude before the arbitration, the Court also stays the injunctive claims pending resolution of Defendant's appeal.

**DISPOSITION**

The Court GRANTS Defendant's Motion to Stay.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | lmb |